

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
CIVIL DIVISION

| | |
|---|---|
| DERWIN COCKERHAM, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| MATTHEW K. ROSE, CEO OF BNSF § | 3-11CV0277-B |
| RAILWAY COMPANY, JASON § | |
| WATKINS, AND BNSF RAILWAY § | |
| COMPANY, § | |
| Defendant. § | |

### PLAINTIFF, DERWIN COCKERHAM'S, ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Derwin Cockerham, hereinafter called Plaintiff, complaining of and about Matthew K. Rose, CEO of BNSF Railway Company; Jason Watkins; and BNSF Railway Company, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Derwin Cockerham, is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2. Defendant, Matthew K. Rose, CEO of BNSF Railway Company, may be served at 2650 Lou Menk Drive, Fort Worth, Texas or wherever he may be found.

3. Defendant, Jason Watkins, may be served at 2650 Lou Menk Drive, Fort Worth, Texas or wherever he may be found.

4. Defendant BNSF Railway Company may be served by serving CT Corporation System, its agent authorized to accept service at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

*Plaintiff, Derwin Cockerham's, Original Complaint*
*Cockerham v. Rose, Watkins, and BNSF Railway Company*
*14 February 2011*

1

## JURISDICTION

5. The action arises under Ttile VII of the Civil Rights Act of 1964, as amended as hereinafter more fully appears.

6. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

7. This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and color.

## CONDITIONS PRECEDENT

8. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

9. Plaintiff was advised in a letter dated July 8, 2010 from Bruce D. Teel, Division Engineer, that his employment was being terminated for charging time that was not worked on May 15, 2010.

10. The following is Plaintiff's rendition of non-African Americans being treated differently then him on the same issue:

> Caucasian employees are routinely handled in a different manner referencing payroll errors. I was dismissed on July 12 for what is described as errors in time keeping

*Plaintiff, Derwin Cockerham's, Original Complaint*
*Cockerham v. Rose, Watkins, and BNSF Railway Company*
*14 February 2011*

2

reports resulting in a potential for me to have received a one-time payment of $232.00. Due to work overtime that was to be billed for a derailment incident and for which I was called into work, but for work that was not actually performed due to the employer calling in contractors to perform said repairs; and after having requested guidance from my immediate Supervisor, Defendant Jason Watkins, as to whether I should bill the company for my time during this incident, I was instructed by Supervisor Watkins to insert my timesheet electronically into the company's computer system for the work that should have been performed. This oversight was discovered prior to disbursement, which could have been corrected by me, or Defendant Jason Watkins, my immediate supervisor. I did not actually receive any portion of the $232.00 or any other unauthorized funds. Oddly, prior to my event, when faced with a similar circumstance of a Caucasian employee, Supervisor Watkins went to great lengths to insure that no discipline was considered or assessed. Supervisor Watkins and Mark Degano discovered that employee Justin Vaughn was physically paid and received tangible funds inaccurately; for days that he did not perform service in the amount of approximately ($1500.00); and, Mr. Watkins and Mr. Degano personally arranged for the erroneous amounts to be repaid or financed back to BNSF via payroll deduction installments extending over several pay periods. Mr. Vaughn was delighted at this arrangement and boasted about the special handling he received. Second, in another similar incident on record involving unauthorized payments to several Caucasian employees, Mr. Watkins again arranged special handling via payroll deductions for these employees after they received payments in excess of their actual hours worked. It is my understanding that Cal

*Plaintiff, Derwin Cockerham's, Original Complaint*  
*Cockerham v. Rose, Watkins, and BNSF Railway Company*  
*14 February 2011*

3

Dodson sometime was responsible for insuring that payroll deductions were used to repay BNSF after he made mistakes on putting time into PARS/PAYROLL. It is also my understanding that not one of these Caucasian employees received any form of discipline or termination.

## RACE AND COLOR DISCRIMINATION

11. Defendants, Matthew K. Rose, CEO of the BNSF Railway Company, Jason Watkins, and BNSF Railway Company, intentionally engaged in unlawful employment practices involving Plaintiff because of his race and color.

12. Defendants, Matthew K. Rose, CEO of the BNSF Railway Company, Jason Watkins, and BNSF Railway Company, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of 42 U.S.C. Section 2000e (2)(a).

13. Defendants, Matthew K. Rose, CEO of the BNSF Railway Company, Jason Watkins, and BNSF Railway Company, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

14. Plaintiff alleges that Defendants, Matthew K. Rose, CEO of the BNSF Railway Company, Jason Watkins, and BNSF Railway Company, discriminated against Plaintiff on the basis of race and color with malice or with reckless indifference to the federal-protected rights of Plaintiff.

15. Defendant, BNSF Railway Company, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## RETALIATION BY BNSF RAILWAY COMPANY

*Plaintiff, Derwin Cockerham's, Original Complaint*
*Cockerham v. Rose, Watkins, and BNSF Railway Company*
*14 February 2011*

4

16.     Plaintiff alleges that Defendants, Matthew K. Rose, CEO of the BNSF Railway Company, Jason Watkins, and BNSF Railway Company instituted a campaign of retaliation which included firing Plaintiff from his job. This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

17.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

- a.  The loss of his employment with all seniority accrued and benefits earned;
- b.  All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;
- c.  Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;
- d.  All reasonable and necessary costs incurred in pursuit of this suit;
- e.  Emotional pain;
- f.  Expert fees as the Court deems appropriate;
- g.  Front pay in an amount the Court deems equitable and just to make Plaintiff whole;
- h.  Inconvenience;
- i.  Interest;
- j.  Loss of enjoyment of life;
- k.  Mental anguish in the past;
- l.  Mental anguish in the future;

*Plaintiff, Derwin Cockerham's, Original Complaint*
*Cockerham v. Rose, Watkins, and BNSF Railway Company*
*14 February 2011*

5

m.  Loss of earnings in the past;

n.  Loss of earning capacity which will, in all probability, be incurred in the future; and

o.  Loss of benefits.

## EXEMPLARY DAMAGES

18. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

19. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.  Prohibit by injunction the Defendant from engaging in unlawful employment practices;

b.  Rehire Plaintiff; and

c.  Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Derwin Cockerham, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

*Plaintiff, Derwin Cockerham's, Original Complaint*
*Cockerham v. Rose, Watkins, and BNSF Railway Company*
*14 February 2011*

6

Respectfully submitted,

Derwin Cockerham

By: *[signature: Derwin W. Cockerham]*
Derwin Cockerham, *Pro se*
502 Fuller Drive
Cedar Hill, Texas 75104

*Plaintiff, Derwin Cockerham's, Original Complaint*
*Cockerham v. Rose, Watkins, and BNSF Railway Company*
*14 February 2011*

7

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cockerham, Derwin

**DEFENDANTS**
Rose, Matthew
Watkins, Jason
BSNF Railway Company

(b) County of Residence of First Listed Plaintiff: **DALLAS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Tarrant**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED FEB 14 2011 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorneys (Firm Name, Address, and Telephone Number): **Pro Se**
Derwin Cockerham
502 Fuller Dr.
Cedar Hill, TX 75104

Attorneys (If Known): **3-11CV0277-B**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment — Race
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**Title VII Civil Rights Act 1964**

Brief description of cause: **Race Discrimination**

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ **unknown**
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE **2/14/11**
SIGNATURE OF ATTORNEY OF RECORD: *Derwin W. Cockerham, pro se*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____