UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERWIN COCKERHAM), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-277-B |
| | § | |
| MATTHEW K. ROSE, CEO OF BNSF | § | |
| RAILWAY COMPANY, JASON | § | |
| WATKINS, AND BNSF RAILWAY | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant BNSF Railway Company's Motion to Dismiss (doc. 7), filed March 8, 2011, Defendant Matthew K. Roses's Motion to Dismiss (doc. 9), filed March 10, 2011, and Defendant BNSF Railway Company's Second Motion to Dismiss (doc. 14), filed April 13, 2011. For the reasons provided below, the Court is of the opinion that the Motions should be and hereby are **DENIED** and the services attempted as to Defendants on both February 22, 2011 and March 29, 2011 should be and hereby are **QUASHED**.

Plaintiff, proceeding *pro se*, filed his Complaint in this case on February 14, 2011, alleging that he was discriminated against on the basis of his race in violation of Title VII. That same day, summons were issued as to all three Defendants (doc. 2). The summons as to Defendants BNSF and Rose were served on February 22, 2011 (doc. 4 & 5). There is no indication that Defendant Watkins was or ever has been served.

On March 8, 2011, Defendant BNSF filed a Motion to Dismiss Plaintiff's Complaint (doc. 7) under Federal Rule of Civil Procedure 12(b)(4), contending that Plaintiff's failure to include a copy of his complaint with his summons rendered the service inadequate under Rule 4(c). Defendant Rose also filed a Motion to Dismiss (doc. 9), raising the same arguments for dismissal under Rule 12(b)(4) and alternatively asserting that Plaintiff's Complaint contained insufficient factual detail to satisfy the requirements of Rule 12(b)(6). Plaintiff responded by having the summons as to BNSF and Rose reissued on March 16, 2011 (doc. 11). These summons were served on March 29, 2011 (doc. 12 & 13). Defendant BNSF has since filed a Second Motion to Dismiss (doc. 14), once again under Federal Rule of Civil Procedure 12(b)(4), contending that Plaintiff's second service is inadequate because the summons wrongly states that BNSF has 20 days to answer (instead of 21) and because it identifies the Court as the "United States District Court for the Northern District of Texas, Civil Division" instead of the "United States District Court for the Northern District of Texas, Dallas Division."

Rule 4 of the Federal Rules of Civil Procedure sets out the federal courts' requirements for summons and service of process. *See generally* Fed. R. Civ. P. 4. If a Plaintiff fails to comply with Rule 4, a defendant may seek to dismiss the plaintiff's claims under Rules 12(b)(4) and Rule 12(b)(5). *See generally* Fed. R. Civ. P. 12. Rule 12(b)(4) allows a defendant to attack "the form of the process rather than the manner or method of its service." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 n. 3 (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. Supp. 2010)). In other words, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Wright & Miller, *supra*,

§ 1353. A Rule 12(b)(5) motion, on the other hand, deals with "the mode of delivery or the lack of delivery of the summons and complaint." *Id.* "[A] motion under Rule 12(b)(4) is fairly rare." *Id.*[1]

Dismissal of a case under Rules 12(b)(4) or 12(b)(5) "is not appropriate where 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Bowman v. Sanofi-Aventis*, No. A-09-CA-192-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009) (quoting *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)). Instead, dismissal is only warranted where "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Id.* (quoting *Neely*, 2008 WL 938904, at *2). In all other cases, a district court has discretion to quash the defective service of process and provide a plaintiff another opportunity to effect proper service of process. *Id.* (citing *Neely*, 2008 WL 938904, at *2). In exercising this discretion, a court should especially consider a plaintiff's *pro se* status and good faith attempt to effect service. *Id.* (citing *Monroe v. Tex. Utils. Co.*, No. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002)).

The Court finds nothing in the record that indicates that Plaintiff's attempts at drafting his summons and serving process were in bad faith. Neither is there a likelihood that the Court would not have jurisdiction over Plaintiff's claims. Because Plaintiff is proceeding *pro se*, it would be unfair, as Defendants urge, to dismiss his claims simply because he has failed to serve Defendants with his Complaint, stated that a response is due within "20 days" instead of "21 days," or mislabeled the

---

[1]Defendants mischaracterize their First Motions to Dismiss as falling with the framework of Rule 12(b)(4), when failure to attach a complaint to the summons implicates a service deficiency under Rule 12(b)(5). *See* Wright & Miller, *supra*, § 1353 ("A Rule 12(b)(5) motion challenges the mode of delivery *or the lack of delivery of the summons and complaint*." (emphasis added)). This mischaracterization is not taken lightly given the basis upon which Defendants themselves seek dismissal.

Court as being in the "Civil Division" rather than "Dallas Division." All of these deficiencies are either readily curable or have already been cured.

Accordingly, the Court finds that Defendants Motions to Dismiss under Rule 12(b)(4) are **DENIED**. The Court hereby **QUASHES** the services attempted as to all three Defendants on February 22, 2011 and Defendants BNSF and Rose on March 29, 2011.[2] Plaintiff is **DIRECTED** to cure any defects in his summons and serve Defendants **on or before Monday, May 16, 2011**. Plaintiff is **INSTRUCTED** that he should ensure that he fully complies with the requirements for summons and service set out in Rule 4 of the Federal Rules of Civil Procedure. Defendant Rose's Motion to Dismiss under Rule 12(b)(6) is denied without prejudice to refiling a similar motion when Plaintiff effectuates proper service of process.

SO ORDERED.

DATED April 18, 2011

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] While there is no indication that Defendant Watkins was or was not served with a copy of the Complaint, out of an abundance of caution (and in the face of his silence), the Court finds the best course at the present time to be a quashing of that service as well.